
## IN THE SUPERIOR COURT OF GUAM

DARIUS A. RICHARDSON,              )     DOMESTIC CASE NO.DM0361-01
                                   )
            Plaintiff              )
                                   )
      vs.                          )     DECISION AND ORDER
                                   )     RE STAY
JEAN L. RICHARDSON,                )
                                   )
            Defendant.             )
_____)

This matter came before the Court for an evidentiary hearing on June 1, 2018 and for closing arguments on June 4, 2018. At both hearings the Defendant asserted that a stay was in effect which prohibited the court from proceeding.

Two theories were advanced by the Defendant for the basis of the stay. First, Defendant referenced page 6, lines 11 to 14 in the October 13, 2014 order. This order was entered with respect to Defendant's appeal to the Supreme Court and the stay was sought for the period of the appeal. The appeal has been dismissed by the Supreme Court (See order in CVA12-039 and CVA 14-022 dated March 27, 2018.) All orders and judgments of the Superior Court are final and issues regarding a stay pending the

1

ORIGINAL


appeal are moot.  Further, a stay never issued because Defendant did not post the bond required for the stay.  The order was executed and the Plaintiff's overpayment was credited against child support payments due to Defendant.

Defendant's second theory for a stay resulted from a Petition for a Writ of Prohibition that she filed in the Supreme Court on May 25, 2018.  At the hearing on June 1, 2018 this court stated that it had not been served with the Petition.  On June 4, 2018 the court corrected that misstatement.  The court learned that one of the staff attorneys for the Superior Court, Sophia Diaz, was served with the petition on May 29, 2018.  Regardless, since the Petition was filed the Supreme Court neither issued the Writ nor any other order to this Court.

The petition for a writ of prohibition does not create an automatic stay in the proceedings.  On June 1, 2018 Defendant filed a motion for a stay pursuant to 7 GCA §31106 and argued that an automatic stay was in effect.  This court, as stated at both the June 1, 2018 and June 4, 2018 hearings, finds as a matter of law that §31106 does not apply to writs of prohibition.

The Defendant's motion then becomes one for a stay, standing alone, and that is within the discretion of the trial court to grant or deny.  On June 1, 2018 the court denied Defendant's motion for a stay because two of the five witnesses for the evidentiary hearing and the Defendant reside in New York and were on Guam and in the courtroom.  The court previously ruled that there was no basis for recusal.  (See Decision and Order of April

2

19, 2018.) Defendant's probability for success on her Petition for a Writ of Prohibition is extremely low. On those two bases the motion filed on June 1, 2018 by the Defendant is DENIED.

SO ORDERED, this June 11, 2018, *nunc pro tunc* June 4, 2018.

KATHERINE A. MARAMAN, JUDGE
Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Berman

Date: 6-11-18 Time: 1pm

Jennifer K.C. James
Deputy Clerk, Superior Court of Guam